**Rick MANNING, Plaintiff–Appellant,**

v.

**Dan BOLDEN, et al., Defendants–Appellees.**

No. 01–1724.

United States Court of Appeals, Sixth Circuit.

Dec. 7, 2001.

Before MOORE and COLE, Circuit Judges; O'MEARA, District Judge.*

---

Rick Manning, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Manning sued Deputy Director Dan Bolden, Regional Administrator Richard Johnson, Warden Wayne Stine, Deputy Warden Ken Gearin, Assistant Deputy Warden Kenneth Epps, Inspector Lyle Rutter, Michigan State Police Detective Jack Vanderwall, and unknown John and Jane Does, in both their official and individual capacities. Manning claimed that: 1) defendants Mellberg and Vanderwall retaliated against him because he refused to serve as a witness against another inmate who had assaulted a prison employee; 2) defendants Bolden, Johnson, Stine, Gearin, Rutter and Epps retaliated against him because he filed a prior lawsuit against some of them, because he served as a witness in a prior lawsuit against prison officials, and because he filed several grievances against prison officials; 3) the defendants violated his equal protection rights; 4) the defendants violated his due process rights; and 5) the defendants conspired to deprive him of the aforementioned rights.

Upon review, the district court determined that: 1) Manning's retaliation claims against Mellberg and Vanderwall and his claim challenging his formal reclassification to administrative segregation were barred by the applicable statute of limitations; 2) Manning did not state an equal protection claim or a cognizable con-

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

spiracy claim; and 3) Manning could not pursue his due process claim in a § 1983 lawsuit. Hence, the district court dismissed the complaint under 28 U.S.C. § 1915. However, the court did not specifically address Manning's retaliation claim against the remaining defendants. Thereafter, Manning filed a motion for reconsideration, arguing that the district court had overlooked his second claim. The district court concluded that Manning did not state a claim against these defendants because his allegations were conclusory, and thus it denied the motion.

Manning has filed a timely appeal, essentially reasserting his retaliation claims. He also argues that his claims against Mellberg and Vanderwall are not barred by the statute of limitations because this court's decision in *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir.1999), eliminated the "shocks the conscience" standard that had been used in the past, and that he could not have filed this lawsuit prior to that decision because he could not have met the "wrongfully applied higher standard."

Initially, we note that Manning's claims numbered 3–5 above are not reviewable because he did not raise them on appeal. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir.1998).

■ Upon review, we conclude that the district court properly dismissed Manning's retaliation claims against Mellberg and Vanderwall. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). The district court properly determined that these claims are barred by the applicable statute of limitations under Michigan law. *Wilson v. Garcia*, 471 U.S. 261, 268–69, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Michigan, the general statute of limitations for personal injury actions is three years. *See* Mich. Comp. Laws Ann. § 600.5851. Moreover, effective April 1, 1994, the Michigan legislature amended the statute in order to abolish imprison-

ment as a disability that would toll the accrual of the statute of limitations. *See* Mich. Comp. Laws Ann. § 600.5805. For actions which accrued prior to the effective date of the amendment, the statute of limitations period was extended to the greater of any other applicable statute of limitations period or until April 1, 1995. *See* Mich. Comp. Laws Ann. § 600.5851(9). Here, because Manning alleged that the retaliatory conduct occurred on November 16, 1990, he only had until April 1, 1995, to file his lawsuit. Manning's complaint, dated October 23, 2000, was received by the district court on October 30, well beyond the applicable statute of limitations period.

■ Likewise, to the extent that Manning challenges his formal reclassification to administrative segregation as an act of retaliation, that claim is also barred by the applicable statute of limitations. Manning alleged that he was "formally" reclassified on February 7, 1995. However, as stated above, Manning did not file his complaint until October 2000. Hence, he filed his complaint well beyond the three-year statute of limitations period.

■ Contrary to Manning's argument on appeal, his retaliation claims against Mellberg and Vanderwall were not tolled until this court rendered its decision in *Thaddeus-X*. Manning simply was not prevented from presenting this claim in a timely fashion.

■ However, we conclude that the district court improperly dismissed Manning's retaliation claim against the remaining defendants. The record reflects that Manning has stated a cognizable retaliation claim against these defendants. *DePiero v. City of Macedonia*, 180 F.3d 770, 776 (6th Cir.1999). This court has held that a prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First

Amendment. *Thaddeus–X*, 175 F.3d at 387–88. In order to state a retaliation claim, a plaintiff must allege that: 1) he engaged in constitutionally protected conduct; 2) the defendants subjected him to an adverse action which caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that conduct; and 3) the adverse action was motivated at least in part as a response to the exercise of his constitutional rights. *Id.* at 394.

First, a review of the complaint clearly reflects that Manning was engaged in constitutionally protected conduct based on his involvement in the prior lawsuits, *Lewis v. Casey*, 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), and based on his decision to utilize the prison grievance system. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir.2001).

■ Second, the defendants subjected Manning to an adverse action. As stated above, Manning has alleged that he has been retained in administrative segregation for approximately ten years. This court has held that a transfer to administrative segregation is considered an adverse action. *Thaddeus–X*, 175 F.3d at 396. Thus, it stands to reason that keeping an inmate in administrative segregation for a significant period of time might also constitute an adverse action. As to the alleged transfers, Manning stated that he has been transferred to facilities and kept in administrative segregation. Hence, the alleged transfers might also constitute adverse action.

■ Finally, Manning sufficiently alleged that the defendants' conduct was motivated at least in part as a response to the exercise of his constitutional rights. Contrary to the district court's conclusion, Manning did more than conclusorily allege that the defendants had retaliated against him. A plaintiff can establish retaliatory motive by alleging a chronology of events from which a retaliatory animus on the part of the defendants could reasonably be inferred. *Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir.1988); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir.1987). In his complaint, Manning essentially presented a chronology of events indicating that he has been kept in administrative segregation since 1990, and that the defendants have continuously declined to release him into the general population. He indicated that many of the refusals to release him into the general population have been preceded by his protected conduct. These allegations are facially sufficient to establish a "causal connection," because the court should liberally construe Manning's complaint. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Manning's allegations arguably establish a temporal proximity between his protected conduct and the adverse actions from which causation could be inferred. *See Cain*, 857 F.2d 1139 at 1143 n. 6.

Therefore, while we do not make any comment on the ultimate merit of Manning's retaliation claims against these defendants, we conclude that Manning did more than conclusorily allege that the defendants retaliated against him for engaging in protected conduct.

Accordingly, we affirm the district court's judgment in part, vacate the judgment in part, and remand for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.