**Robin Rick MANNING, Plaintiff–Appellant,**

v.

**Dan BOLDEN, et al., Defendants–Appellees.**

No. 03–1341.

United States Court of Appeals, Sixth Circuit.

June 11, 2004.

Rehearing En Banc Denied Aug. 19, 2004.

Robin Rick Manning, Munising, MI, pro se.

Linda M. Olivieri, Office of the Attorney General, Lansing, MI, for Defendants–Appellees.

Before: MARTIN and SUTTON, Circuit Judges; and HOLSCHUH, District Judge.*

*ORDER*

Robin Rick Manning, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights suit filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Manning filed suit in October 2000 against Michigan Department of Corrections ("MDOC") Deputy Director Dan Bolden, Regional Administrator Richard Johnson, Warden Wayne Stine, Deputy Warden Ken Gearin, Assistant Deputy Warden Kenneth Epps, Inspector Lyle Rutter, Inspector Arden Mellberg, Michigan State Police Detective Jack Vanderwall, and unknown John and Jane Does. Manning claimed that: 1) defendants Mellberg and Vanderwall had retaliated against him in 1990 by issuing a false misconduct ticket

* The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

against him and having him placed in administrative segregation because he had refused to testify against an inmate charged with assaulting a prison accountant, Paul Wicklander; 2) defendants Bolden, Johnson, Stine, Gearin, Rutter, and Epps had thereafter retaliated against him by repeatedly refusing to release him from administrative segregation because he had filed lawsuits against them, was on the witness list in a prison class action, and had filed grievances against prison officials; 3) the defendants had violated his equal protection rights; 4) the defendants had violated his due process rights; and 5) the defendants had conspired to deprive him of the aforementioned rights.

Upon initial screening, the district court sua sponte dismissed the complaint under 28 U.S.C. § 1915 for failure to state a claim. On appeal, this court vacated the judgment in part and remanded the action to the district court for further proceedings on the second claim. *Manning v. Bolden,* 25 Fed.Appx. 269 (6th Cir.2001). The district court on remand granted summary judgment to the defendants and again dismissed the case.

Manning has filed a timely appeal, reasserting his second claim and arguing that he was not involved in the 1990 assault on Wicklander.

As an initial matter, we decline to consider Manning's argument that he was not involved in the 1990 assault. This argument is subsumed within his first claim which was previously found to be untimely. *Id.* at 271.

Upon de novo review, we conclude that the district court properly granted summary judgment in favor of the defendants. *See* Fed.R.Civ.P. 56(c); *Harrow Prods., Inc. v. Liberty Mut. Ins. Co.,* 64 F.3d 1015, 1019 (6th Cir.1995). To state a retaliation claim for the exercise of a specific constitutional right, a plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in part by the protected conduct. *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000); *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). Protected conduct is defined as those actions taken pursuant to "individual rights with which the government generally cannot interfere." *Thaddeus–X,* 175 F.3d at 387. The standard for "adverse action" is an objective one and it is irrelevant whether a particular plaintiff was deterred from engaging in protected conduct because he suffered an adverse action. *Id.* at 398. If the plaintiff establishes all three elements, the defendants may nonetheless prevail on summary judgment by showing that their actions would not have been different absent the plaintiff's protected conduct. *Id.* at 400.

The defendants met their burden of showing that their actions would not have been different absent Manning's protected conduct. In affidavits attached to the summary judgment motion, the defendants referred to Manning's involvement in the 1990 assault on Wicklander as well as to factors listed in the prison policy on releasing prisoners from administrative segregation. *See* MDOC Policy Directive 04.05.120(EEE). Johnson stated that he had denied the request for release because Manning's involvement in the assault made it questionable whether Manning had the potential to honor the trust implicit in reduced custody. Bolden stated that Manning's involvement in the assault demonstrated that he was a serious threat to the physical safety of the staff. Rutter stated that his decision to deny release was based solely on the seriousness of the assault. Epps stated that he based his denial on Manning's prison file, which led him to believe that Manning had demonstrated an inability to be properly managed in a gen-

eral population setting. Gearin stated that he denied release because Manning had not displayed the potential to honor the trust implicit in a less restrictive environment. Stine stated that his decision not to release Manning was in accordance with the policy directive, which includes the evaluation of a prisoner's potential to honor the trust implicit in less restrictive confinement and the circumstances which necessitated segregation.

Manning failed to present significant probative evidence to defeat the defendants' motion for summary judgment.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.