Olee Wonzo ROBINSON,
Plaintiff–Appellant,

v.

Mark C. JONES, Defendant–Appellee.

No. 97–1432.

United States Court of Appeals,
Sixth Circuit.

April 27, 1998.

Olee Wonzo Robinson (briefed), Terre Haute, IN, pro se.

William L. Woodard (briefed), Office of the U.S. Atty., Detroit, MI, for Mark C. Jones.

Before: SUHRHEINRICH, SILER, and GILMAN, Circuit Judges.

## ORDER

Olee Wonzo Robinson (Robinson), a *pro se* federal prisoner, appeals from a district court judgment dismissing his complaint filed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, Robinson sued Mark C. Jones (Jones), the Assistant United States Attorney who successfully prosecuted him for several drug related offenses, including conspiracy to distribute cocaine, money laundering, engaging in a continuing criminal enterprise, and drug related homicide. This court affirmed Robinson's criminal convictions on appeal. *United States v. Robinson*, 96 F.3d 1449 (6th Cir. 1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1459, 137 L.Ed.2d 563 (1997). In his *Bivens* complaint, Robinson sued Jones in his individual capacity and set forth thirteen claims. In claims one through twelve, Robinson alleged that Jones violated his constitutional rights by knowingly coercing and eliciting false testimony against him, making false statements to the press, and threatening defense witnesses to keep them from testifying. In claim thirteen, Robinson alleged that Jones violated his Fourth Amendment rights by coercing two government witnesses to give false testimony that was used as a basis for obtaining search warrants executed at Robinson's home and place of business.

Jones moved to dismiss the complaint on the ground that it was barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The district court granted the motion to dismiss Robinson's complaint, and Robinson appeals. In his timely appeal, Robinson challenges the district court's judgment dismissing claim thirteen of the complaint.

Initially, we note that Robinson does not reassert on appeal claims one through twelve as set forth in his complaint. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir. 1996).

Upon *de novo* review, we conclude that the district court properly dismissed Robinson's complaint. In *Heck, supra*, the Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87, 114 S.Ct. at 2372. While *Heck* concerned an action brought under 42 U.S.C. § 1983, we adopt the rule espoused by the Fifth and Eleventh Circuits that the

*Heck* holding applies equally to an action brought under *Bivens.* See *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir.1995); *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994). Robinson is, therefore, unable to establish the elements necessary to sustain a *Bivens* action unless and until his conviction has been declared invalid or otherwise impugned as set forth in *Heck.*

Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.