**Yaqub A. NUR, Plaintiff–Appellant,**

v.

**Carl ANDERSON, Warden, et al., Defendants–Appellees.**

**No. 01–3065.**

United States Court of Appeals, Sixth Circuit.

Aug. 24, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

*ORDER*

Yaqub A. Nur appeals a district court order granting summary judgment for the defendants in his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting his administrative remedies, Nur sued several Ohio correctional officials and medical personnel, alleging that they were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Upon consent of the parties, the matter was referred to a magistrate judge for disposition. The magistrate judge concluded that Nur's claims were without merit and granted summary judgment for the defendants. In this timely appeal, Nur moves for the appointment of counsel.

We note initially that Nur has waived his challenge to the district court's grant of summary judgment by raising only conclusory arguments in his brief on appeal. In its order dismissing the case, the district court carefully examined Nur's claims as to each defendant and concluded that Nur had not established a genuine issue of

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

material fact that the defendants were deliberately indifferent to his serious medical needs. In his brief on appeal, Nur argues in a conclusory manner that the court failed to consider declarations that he made under penalty of perjury when granting summary judgment. However, he has not described how these declarations contradict the defendants' evidence, nor how they create a genuine issue of material fact. Arguments that are not specifically raised on appeal are considered abandoned and not reviewable, *see Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir. 1998), and issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *United States v. Elder,* 90 F.3d 1110, 1118 (6th Cir.1996).

Nur also argues that the district court did not consider his claim that his Eighth Amendment rights were violated by the defendants' undue delay in providing him with appropriate medical treatment. For an Eighth Amendment claim based on an alleged delay in treatment, the prisoner must place verifying medical evidence in the record establishing the detrimental effect of the delay. *Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir. 2001). Although Nur submitted numerous medical records in the district court, a review of this documentation does not reveal any medical evidence establishing a detrimental effect from any delay.

Nur next argues that the court improperly denied his motion to amend the complaint. This court reviews a district court's decision denying a plaintiff's motion for leave to amend a complaint under Fed. R.Civ.P. 15(e) for an abuse of discretion. *Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 783 (6th Cir.2000), *cert. denied,* 531 U.S. 1145, 121 S.Ct. 1082, 148 L.Ed.2d 958 (2001). In this case, the district court refused to consider the new claim raised in Nur's motion to amend because he admitted to the court that he had not exhausted his administrative remedies for that claim. While Nur argues in a conclusory manner that he was not required to administratively exhaust that claim, he presents no authority to support this argument and, consequently, the district court did not abuse its discretion in denying the motion.

Lastly, Nur requests that this court grant him injunctive relief because he still is not receiving adequate medical treatment from the defendants. Since Nur has shown no chance of succeeding on the merits of his case, he is not entitled to an injunction. *See Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir.1994).

Accordingly, this court denies Nur's motion for the appointment of counsel and affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.