**Raymond P. HAMILTON,
Plaintiff–Appellant,**

v.

**Steven S. REED; Hancy Jones, III;
Dean Furman; Kent Wicker; Jim Le-
sousky; Bart Adams; Michael Troop;
Tom Swicegood; Gary Brown; Rich-
ard Dotson; Richard Hageman;
George Waldridge; Donna Job, Defen-
dants–Appellees.**

**No. 01–5880.**

United States Court of Appeals,
Sixth Circuit.

Nov. 30, 2001.

Before CLAY and GILMAN, Circuit

Judges; EDGAR, District Judge.*

Raymond P. Hamilton, a federal prisoner, appeals pro se a district court order dismissing a complaint in which he attempted to initiate the criminal prosecution of a number of people involved in his own criminal prosecution. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Hamilton filed this action against United States Attorneys, police officers, defense attorneys and a Secret Service Agent, all of whom were involved in his prosecution for conspiracy to commit credit card fraud, extortion, and attempted extortion. He sought to initiate a criminal prosecution of the named defendants for conspiring to unlawfully convict him. He also sought punitive monetary damages. The district court granted Hamilton pauper status, screened the complaint, and dismissed it for failure to state a claim. Hamilton reasserts his claims on appeal.

Upon review, we affirm the order dismissing this complaint for failure to state a claim for the reasons stated by the district court. First, the district court properly noted that Hamilton has no right to initiate a federal criminal prosecution. *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir.1989). Additionally, the district court was correct that, to the extent this was a *Bivens* action for monetary damages, it was barred by the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), in which the Supreme Court held that a complaint which alleges that a conviction is unconstitutional may not be brought until the conviction has been reversed on direct appeal or called into question by the issuance of a writ of habeas corpus. *See also Robinson v. Jones,* 142 F.3d 905, 906–07 (6th Cir.1998) (*Heck* applies to *Bivens* actions as well as claims under 42 U.S.C. § 1983). Hamilton's conviction has not been reversed. On the contrary, while this appeal was pending, his conviction was affirmed, in an opinion rejecting many of the same claims asserted here. *United States v. Hamilton,* 263 F.3d 645 (6th Cir.2001).

For all of the above reasons, the district court's order dismissing this complaint is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.