Jamie DOZIER, as Administratrix
of the estate of Lynn Wright,
Plaintiff–Appellant,

v.

Ann PAULEY; Rose Smith; Victoria
Stedman, Defendants–Appellees,

Judy Fulmer; Jewel Steele; Flora
Holland, Defendants.

No. 01–5472.

United States Court of Appeals,
Sixth Circuit.

Dec. 3, 2001.

Before GUY and BOGGS, Circuit
Judges; CARR, District Judge.*

Jamie Dozier, Administratrix of the es-
tate of plaintiff Lynn Wright, represented
by counsel, appeals a district court judg-
ment dismissing Wright's complaint filed
under 42 U.S.C. § 1983. The parties have
waived oral argument, and this panel
unanimously agrees that oral argument is
not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief,
Wright sued several staff members at the
DeBerry Special Needs Facility in Nash-
ville, Tennessee, including a correctional
officer (Pauley), two nurses (Stedman and
Smith), the director of nursing (Fulmer), a
unit director (Steele) and the warden (Hol-
land). Wright essentially claimed that: 1)
the defendants were deliberately indiffer-

* The Honorable James G. Carr, United States
District Judge for the Northern District of
Ohio, sitting by designation.

ent to her serious medical needs, in violation of the Eighth Amendment, when they refused to deliver her lithium and when they refused to deliver her pain medication (darvocet); and 2) the defendants retaliated against her for filing grievances. Upon review, the district court dismissed Wright's complaint against defendants Fulmer, Steele and Holland, without prejudice, because Wright did not present any factual allegations as to any of these defendants. Thereafter, the district court adopted a magistrate judge's recommendation to grant the remaining defendants' motion to dismiss Wright's retaliation claim, and to permit Wright's Eighth Amendment claims to proceed. The court then appointed counsel to represent Wright in this case. Subsequently, the district court granted summary judgment to the defendants on Wright's Eighth Amendment claims. We note that Wright was paroled in November 1999, and that she committed suicide in June 2000. Subsequently, the district court granted Dozier's motion to be substituted as plaintiff.

On appeal, Wright's Eighth Amendment claims have been reasserted against defendants Pauley, Stedman and Smith. However, Dozier does not reassert Wright's Eighth Amendment claims against the other named defendants, and she does not reassert Wright's retaliation claim. The defendants argue that the district court should have dismissed Wright's Eighth Amendment claims because she did not establish that she suffered any injury as a result of the delay in medical treatment.

█ Initially, we note that Wright's Eighth Amendment claims against Fulmer, Steele and Holland and her retaliation claim have not been raised on appeal. Hence, they are considered abandoned and not reviewable. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998).

Upon review, we affirm the district court's judgment granting the defendants' motion for summary judgment, but for reasons different than those relied on by the district court. *City Mgmt. Corp. v. U.S. Chem. Co.,* 43 F.3d 244, 251 (6th Cir.1994). The district court granted summary judgment to the defendants because it concluded that the record established that the defendants were not deliberately indifferent to Wright's serious medical needs. However, as the defendants have correctly argued on appeal, Wright's Eighth Amendment claims are more properly subject to dismissal because she did not establish that she suffered any injury as a result of the delay in medical treatment. *Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir.2001).

█ Nonetheless, we conclude that the district court properly granted summary judgment to the defendants. *Davis v. Sodexho, Cumberland College Cafeteria,* 157 F.3d 460, 462 (6th Cir.1998). Wright is not entitled to relief on her Eighth Amendment claims because she did not even state a claim upon which relief may be granted. In order to state an Eighth Amendment claim based on an alleged delay in treatment, the prisoner must place verifying medical evidence in the record establishing the detrimental effect of the delay. *Napier,* 238 F.3d at 742. Wright submitted documents describing the importance of maintaining her prescribed doses of lithium and numerous medical history records. She also noted that Doctor Nyquist acknowledged that the denial of her lithium could have caused Wright increased anxiety and loss of appetite. However, she did not present any "verifying medical evidence" establishing the detrimental effect of the delay in her treatment. On the other hand, the defendants presented a medical report clearly reflecting that missing a single dose of lithium would not

likely have any significant effect on Wright's mental state. Indeed, a week after the incident, Doctor Mayer suggested reducing Wright's lithium dose. Hence, Wright is not entitled to relief on this claim because she did not establish that she suffered any verified injury as a result of the delay in medical treatment.

Likewise, Wright is not entitled to relief on her claim that the defendants improperly denied her pain medication following dental surgery. Again, Wright failed to present any verifying medical evidence establishing the detrimental effect of the delay. *Napier*, 238 F.3d at 742.

Accordingly, we affirm the district court's judgment.