Maxine SLATER, Plaintiff–Appellant,

v.

John E. POTTER, Postmaster General, United States Postal Service, Defendant–Appellee.

No. 01–1758.

United States Court of Appeals, Sixth Circuit.

Feb. 1, 2002.

Before RYAN and GILMAN, Circuit Judges; POLSTER, District Judge.*

*ORDER*

Maxine Slater appeals a district court order dismissing her employment discrimination action filed under Title VII, 42 U.S.C. § 2000e–16(a). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Slater sued her former employer, the Postmaster General, alleging that she was the victim of employment discrimination and that the defendant violated the Equal Pay Act. Over Slater's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Slater did not timely present her claims for administrative review, and granted summary judgment for the defendant. Slater has filed a timely appeal.

■ We conclude that Slater has waived any challenge to the district court's decision. In her objections to the magistrate judge's report, Slater made only a conclusory challenge to the magistrate judge's determination that she had not timely pursued administrative relief, and she did not specifically set forth the basis for this ar-

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

gument. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting that report. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Willis v. Sullivan,* 931 F.2d 390, 400–01 (6th Cir.1991). The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). Slater's conclusory objection is insufficient to preserve her challenge to the district court's dismissal.

■ Further, in her brief on appeal, Slater does not challenge the court's dismissal of her case because of her failure to timely pursue administrative relief. The bulk of Slater's brief is a copy of a memorandum from a district court case challenging the denial of her social security benefits, and the memorandum is unrelated to the facts of the present case. The remainder of her brief is devoted to arguing the merits of her underlying case, rather than addressing the timeliness issue. Arguments that are not specifically raised on appeal are considered abandoned and not reviewable, *see Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998), and issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *United States v. Elder,* 90 F.3d 1110, 1118 (6th Cir.1996). Therefore, Slater has waived any challenge to the district court's judgment.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.