**David M. LYONS–BEY,
Plaintiff–Appellant,**

v.

**Bruce CURTIS, Warden, et al.,
Defendants–Appellees.**

**No. 01–1574.**

United States Court of Appeals,
Sixth Circuit.

Feb. 7, 2002.

Before SUHRHEINRICH, SILER, and BATCHELDER, Circuit Judges.

## ORDER

David M. Lyons–Bey appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Lyons–Bey sued several Michigan correctional officials and personnel, alleging that he was improperly kept in a hot prison cell with poor ventilation that caused him respiratory discomfort. The district court concluded that Lyons–Bey had not administratively exhausted his claims and dismissed the case without

prejudice. Although Lyons–Bey filed a motion to alter or amend the judgment, the court denied the motion as meritless. Lyons–Bey has filed a timely appeal.

Upon review, we conclude that the district court properly dismissed Lyons–Bey's claims for failure to exhaust his administrative remedies. This court reviews de novo the district court's dismissal of a suit for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a). *Curry v. Scott*, 249 F.3d 493, 503 (6th Cir.2001).

Lyons–Bey did not exhaust his administrative remedies for any of his claims. Under § 1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a § 1983 action in federal court, *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998), and the prisoner has the burden of demonstrating that he has exhausted these remedies. *Id.* at 1104. Before the district court adjudicates any claim set forth in the plaintiff's complaint, the court must determine that the plaintiff has complied with this exhaustion requirement. *Id.* Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he can not exhaust these remedies during the pendency of the action. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). The prisoner must exhaust his remedies as to all claims arising from his confinement, including excessive force, equal protection, and other constitutional claims. *Curry*, 249 F.3d at 503–04; *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir.1999); *Freeman*, 196 F.3d at 643–44. The prisoner can not "abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield*, 199 F.3d at 309. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Id.*

Lyons–Bey failed to fully exhaust his administrative remedies. Lyons–Bey presented to the district court a copy of a grievance form, but the form does not reflect that Lyons–Bey ever appealed the denial of the grievance. The district court consequently concluded that Lyons–Bey had not fully exhausted his administrative remedies for the claims raised in the grievance. On appeal, Lyons–Bey contends that he filed his grievance directly to the Step III level of review, as permitted under the applicable administrative rule; therefore, he asserts that he could file no appeal from the denial of this grievance. Indeed, certain grievances involving claims of discrimination, brutality, or corruption may be taken directly to Step III review under the Michigan Department of Corrections' Policy Directive § 03.02.130(II). Lyons–Bey asserts that, since his claims involved brutality, he was allowed to seek direct Step III review. However, Lyons–Bey's claims of being kept in a stuffy and hot cell do not fall within the ordinary meaning of brutality, and he provides no other argument that would bring his claims under that definition. Consequently, he did not follow the proper procedures for obtaining administrative review of his claims.

While Lyons–Bey also argued in the district court that he could not further pursue

his administrative remedies because the grievance coordinator refused to provide him with the necessary forms, he does not raise this claim on appeal. Therefore, this argument is considered abandoned and not reviewable. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998).

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.