Raymond P. HAMILTON,
Plaintiff–Appellant,

v.

Charles R. SIMPSON, III, Chief Judge; James D. Moyer, Magistrate Judge, Defendants–Appellees.

No. 01–6176.

United States Court of Appeals,
Sixth Circuit.

March 28, 2002.

Before BATCHELDER and CLAY, Circuit Judges; ALDRICH, District Judge.*

### ORDER

Raymond P. Hamilton appeals pro se from a district court judgment that dismissed his civil rights action. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hamilton was convicted of conspiring to commit credit card fraud, extortion, and attempted extortion, violations of 18 U.S.C. §§ 2, 371, 1029(a)(2) and 1951. He was sentenced to eighteen months of imprisonment, and this sentence was affirmed on direct appeal.

In his civil rights action, Hamilton primarily alleged that the defendants violated

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

his rights by assuming jurisdiction over his criminal case and by making improper rulings in that case. The district court dismissed Hamilton's civil rights case on September 14, 2001, and it is from this judgment that he now appeals. The appendix to his brief includes several miscellaneous motions.

A *de novo* review of the record shows that dismissal was appropriate because Hamilton did not raise a cognizable claim and because the defendants were protected by absolute judicial immunity. *See* 28 U.S.C. § 1915A(b); *Mann v. Conlin*, 22 F.3d 100, 104–05 (6th Cir.1994).

Hamilton argues that the defendants acted improperly because the state courts had exclusive jurisdiction over his criminal case. This argument fails because he was charged with committing federal crimes in the Western District of Kentucky and the federal courts have "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *accord United States v. Hamilton*, 263 F.3d 645, 655–56 (6th Cir.2001).

Hamilton's remaining arguments clearly challenge the validity of his criminal conviction. These arguments do not provide a cognizable basis for relief in a civil rights action, as he has not shown that his conviction was reversed on direct appeal, expunged by executive order, declared invalid by an appropriate tribunal, or called into question by a federal writ of habeas corpus. *See Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir.1998) (order).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.