Ronnie Lee CURTIS, Plaintiff–Appellant,

v.

Darrell CURTIS, Ohio County Jailer; Sherry Curtis, Ex–Ohio County Deputy Jailer; Miles Hart, Jailer, Henderson County Detention, Defendants–Appellees.

No. 01–6016.

United States Court of Appeals, Sixth Circuit.

May 6, 2002.

Before GUY and BATCHELDER, Circuit Judges; WALTER, District Judge.[*]

### ORDER

Ronnie Lee Curtis, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Curtis sued a former Deputy Ohio Jailer (Sherry Curtis), a former Ohio County Jailer (Darrell Curtis), and a Henderson County Jailer (Miles Hart), in both their individual and official capacities. Curtis claims that: 1) the defendants were deliberately indifferent to his serious medical needs when they denied him medical treatment for his skin condition; 2) defendant Hart denied Curtis personal hygiene items; and 3) defendant Hart denied Curtis access to his attorney.

Upon initial review, the district court dismissed Curtis's third claim as frivolous, but permitted the case to proceed on Curtis's remaining claims. Thereafter, the district court granted summary judgment in favor of the defendants on Curtis's claim that they had denied him medical treat-

ment because the record established that he had received appropriate medical attention. Subsequently, the district court entered a final judgment dismissing the case, granting summary judgment to the defendants on Curtis's remaining claim because the record reflected that he had received personal hygiene items and that he had the ability to purchase more with his own money.

Curtis has filed a timely appeal, essentially reasserting his first and second claims. He also argues that the district court improperly granted summary judgment on these claims without holding an evidentiary hearing.

Initially, we note that Curtis's third claim is considered abandoned and not reviewable. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir.1998).

Upon review, we conclude that the district court properly granted summary judgment to the defendants for the reasons stated by the district court in its August 11, 2000, memorandum opinion. Hart established that he was not deliberately indifferent to Curtis's serious medical needs because he presented documents that showed that Curtis had indeed received medical attention. *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). In addition, the district court properly concluded that the only basis for Curtis's claim against Hart is his position as a jailer for the Hardin County Detention Center (HCDC). However, the theory of respondeat superior cannot provide the basis for liability in § 1983 actions. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The district court also properly granted summary judgment to Hart on Curtis's

---

[*] The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

claim that Hart denied him personal hygiene items, because the record reflects that all inmates held in the HCDC are provided with a personal hygiene packet that contains a toothbrush, toothpaste, soap, shampoo and a comb. Moreover, Curtis had money in his jail account that he could have used to obtain additional personal hygiene items.

The district court properly granted summary judgment to Sherry and Darrell Curtis on Curtis's claim that they ordered other prison officials to deny him medical treatment. These defendants submitted various memoranda addressed to different prison facilities that clearly reflect that they explained Curtis's medical condition to the staff of these institutions and that they informed them to provide Curtis with necessary medical attention. Furthermore, as stated above, the record clearly reflects that Curtis did receive appropriate medical treatment.

In addition, the district court properly concluded, to the extent that these defendants were sued in their official capacities, they were entitled to summary judgment because Curtis did not establish the existence of an official policy or procedure whereby inmate medical needs are denied or delayed. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997). Although Curtis argues on appeal that Sherry and Darrell established such a policy by ordering other facilities to deny him medical attention, under Kentucky law, a jailer is not a policy maker. *Johnson v. Hardin County*, 908 F.2d 1280, 1287 (6th Cir.1990).

Finally, contrary to Curtis's arguments on appeal, the district court properly granted summary judgment to the defendants without holding an evidentiary hearing. The plain language of Fed.R.Civ.P. 56 permits a district court to grant summary judgment without resorting to an evidentiary hearing in the appropriate circumstances. Despite Curtis's denial that he signed a medical waiver, the document bears his signature, and a licensed nurse averred that three witnesses observed him sign the document. Nonetheless, even if he did not sign the waiver, the defendants are still entitled to summary judgment because the record establishes that he did receive medical attention. In addition, Curtis has not presented anything other than his own self-serving statements to challenge the accuracy of the medical notes and other documents presented in support of the defendants' motions for summary judgment.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.