Gloriann SANCHEZ, Plaintiff–
Appellant,

v.

Louis CALDERA, Secretary,
Department of the Army,
Defendant–Appellee.

No. 01–2583.

United States Court of Appeals,
Sixth Circuit.

June 11, 2002.

Before KRUPANSKY and COLE, Circuit Judges; DUGGAN, District Judge.*

Gloriann Sanchez appeals a district court order dismissing her employment discrimination action. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Sanchez sued the Secretary of the Army, alleging that her discharge from military employment was the result of racial and disability discrimination and in reprisal for her protected EEO activity. The district court determined that her claims were without merit and granted summary judgment for the defendant. Sanchez has filed a timely appeal.

We initially note that Sanchez does not raise her claim of racial discrimination on appeal. Therefore, this issue is considered abandoned and not reviewable. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir.1998).

Upon review, we conclude that the district court properly granted summary judgment for the government. This court reviews de novo a district court order granting summary judgment. *Lucas v. Monroe County*, 203 F.3d 964, 971 (6th Cir.2000). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir.2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

The government has shown an absence of evidence to support Sanchez's claim that the defendant terminated her employment in reprisal for her EEO activity. In order to establish a prima facie case that she was fired in retaliation for protected EEO conduct, Sanchez must prove that: 1) she engaged in activity protected by Title VII; 2) her exercise of protected rights was known to the defendant; 3) the defendant thereafter took an adverse employment action against the plaintiff; and 4) a causal connection exists between the protected activity and the adverse employment action. *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 792 (6th Cir.2000). Once the plaintiff establishes a prima facie case, the burden of producing evidence shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* at 792–93. The plaintiff then must demonstrate that the proffered reason was not the true reason for the employment decision. *Id.* Despite this shifting burden of producing evidence, the plaintiff bears the burden of persuasion throughout the entire process. *Id.*

Sanchez has not established a prima facie case that she was discharged in retaliation for her EEO activity. Sanchez first argues that she was fired in retaliation for previously acting as an EEO counselor.

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

However, she acted as a counselor over six years prior to her termination, and the length of time between her actions as a counselor and her firing does not support an inference of a causal link. *See Nguyen v. City of Cleveland,* 229 F.3d 559, 566–67 (6th Cir.2000) (a proximity of time of less than six months generally is required to establish a prima facie case).

Sanchez also argues that she was terminated because of the EEO activity she undertook immediately prior to her firing. However, Sanchez has not demonstrated a causal connection between her protected activity and the defendant's actions. Indeed, the chronology of events reveals that Sanchez repeatedly filed her EEO complaints as a result of the defendant's disciplinary actions, rather than the defendant retaliating against her for filing the EEO complaints.

The government also has shown an absence of evidence to support Sanchez's claim of disability discrimination. Where no direct evidence of discrimination exists, a plaintiff can make a prima facie case of handicap discrimination by establishing that: 1) she is disabled; 2) she is otherwise qualified for the position; 3) she suffered an adverse employment decision; 4) the employer knew or had reason to know of her disability; and 5) after rejection or termination, the position remained open, or the disabled individual was replaced by a member outside the protected class. *Hopkins v. Elec. Data Sys. Corp.,* 196 F.3d 655, 660 (6th Cir.1999). To establish that she is disabled, the plaintiff must demonstrate that she suffers from a substantial limitation on a major life activity. *Toyota Motor Mfg. v. Williams,* 534 U.S. 184, 122 S.Ct. 681, 690, 151 L.Ed.2d 615 (2002). The plaintiff is substantially limited if she has an impairment that prevents or severely restricts her from doing activities that are of central importance to most

people's daily lives. *Id.* at 691. The impairment's impact must be permanent or long-term. *Id.* Sanchez has not established that she suffers from a long-term, substantial impairment that prevented her from performing activities of central importance to her daily life.

Lastly, Sanchez's argument that the Merit System and Protection Board improperly denied her EEO claim is meritless.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.