**Albert Lee DREW, Petitioner–Appellant,**

v.

**Arthur TESSMER, Warden, Respondent–Appellee.**

**No. 02–1070.**

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before BOGGS, SILER, and MOORE, Circuit Judges.

*ORDER*

Albert Lee Drew appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1988, a Michigan jury convicted Drew of armed robbery, and the trial court sentenced him to 50 to 75 years of imprisonment. In 1999, Drew filed his § 2254 petition, arguing that: 1) the trial court's sentence was disproportionate to his crimes and was unconstitutional; 2) the trial court improperly instructed the jury; and 3) the Michigan Supreme Court violated his due process rights when it refused to file his delayed application to appeal as untimely. Over Drew's objections, the district court adopted the magistrate judge's report and recommendation, concluded that Drew's claims were without merit, and dismissed the petition. The district court did grant Drew a certificate of appealability for all of his claims. Drew has filed a timely appeal.

We note initially that Drew does not challenge in his brief on appeal the district court's dismissal of his third claim. Since arguments that are not specifically raised on appeal are considered abandoned and not reviewable, *see Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998), Drew has waived consideration of this claim.

Additionally, we note that the magistrate judge determined in his report that Drew had procedurally defaulted his second claim and had not shown cause and prejudice to excuse this default. In his objections to the report, Drew did not challenge the magistrate judge's conclusion, although he did argue the merits of the claim. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting that report. *Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. *See Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). Drew's failure to challenge the magistrate judge's conclusion concerning his procedural default precludes review of this issue.

Lastly, Drew challenges the sentence imposed on him by the trial court. However, his claim largely relies on alleged

violations of state law, and state law violations are not cognizable in a federal habeas corpus proceeding. *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir.2000). While Drew also argued in the district court that his sentence was disproportionate to his crimes and thereby violated the Eighth Amendment, he does not raise this argument on appeal, and it is considered abandoned and not reviewable. *Robinson,* 142 F.3d at 906. In his brief, Drew does argue that he has a state created liberty interest in his sentence which merits federal habeas review. However, Drew did not raise this argument in his objections to the magistrate judge's report. Therefore, review of this claim is precluded. *Miller,* 50 F.3d at 380.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.