**David ROGERS, Plaintiff–Appellant,**

v.

**Wayne CLEVINGER, Sheriff; Hawkins County Sheriff's Department; Hawkins County, Tennessee, Defendants–Appellees.**

Nos. 03–5551, 03–5577.

United States Court of Appeals,
Sixth Circuit.

March 19, 2004.

David W. Blankenship, Kingsport, TN, for Plaintiff–Appellant.

J. Patrick Ledford, Moore, Stout, Waddell & Ledford, Kingsport, TN, for Defendants–Appellees.

Before KENNEDY, ROGERS, and COOK, Circuit Judges.

*ORDER*

David Rogers appeals from a district court order granting summary judgment for the defendants in his civil rights action filed pursuant to 42 U.S.C. § 1983. The appellant has waived oral argument, and this court construes the appellees' failure to respond to its show cause letter concerning oral argument as a waiver of such argument. Further, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Rogers, an officer with the Hawkins County (Tennessee) Sheriff's Department, sued the Hawkins County Sheriff, the Sheriff's Department, and the County, alleging that the defendants violated his First Amendment, equal protection, and due process rights when they demoted him from sergeant to patrolman. Rogers also alleged a state law claim of intentional infliction of emotional distress. The district court concluded that Rogers's claims were either time-barred or without merit, and the court granted summary judgment for the defendants. Rogers has filed these timely appeals.

Upon review, we conclude that the district court properly granted summary judgment to the defendants. This court reviews de novo a district court order granting summary judgment. *Lucas v. Monroe County,* 203 F.3d 964, 971 (6th Cir.2000). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Initially, we note that Rogers does not challenge on appeal the district court's dismissal of his state claim of intentional infliction of emotional distress. Therefore, this issue is considered abandoned and not reviewable. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998).

The district court properly determined that Rogers's First Amendment and equal protection claims are barred by the applicable statute of limitations. The one year statute of limitations set forth in Tenn. Code Ann. § 28–3–104(a)(3) applies to civil

rights claims arising in Tennessee. *Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir.2001). Rogers did not file his complaint within this one year period. Rogers's First Amendment and equal protection claims accrued on February 15, 2000, when he received notice that the Sheriff's Department was demoting him from sergeant to patrolman. *See Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981); *Delaware State Coll. v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980); *Janikowski v. Bendix Corp.*, 823 F.2d 945, 947 (6th Cir.1987). Although Rogers engaged in an administrative review process following the adverse employment action, this process does not change the accrual date; the limitations period begins to run when the employer's decision is made. *Ricks*, 449 U.S. at 261, 101 S.Ct. 498. As Rogers was aware of the potential violation of his First Amendment and equal protection rights on February 15, 2000, he had until one year later, February 15, 2001, to timely file these claims. Since he filed his complaint one day after that, on February 16, 2001, his First Amendment and equal protection claims are untimely.

Although timely, Rogers's procedural and substantive due process claims are without merit. To establish a claim for the deprivation of property without due process, Rogers first must establish that he had a property interest in maintaining his position as sergeant. *See Brown v. City of Niota, Tenn.*, 214 F.3d 718, 720 (6th Cir. 2000). Tennessee recognizes the doctrine of employment at-will, with the right of either party to terminate the relationship with or without cause. *Id.* at 721. However, at-will employment can be modified by language evidencing an intent on the part of the employer to modify the employment relationship. *Id.* Such modifying language must show specific intent by the employer to be bound by its terms. *Id.*

Rogers has not shown that the Sheriff's Department created a property interest in maintaining his position as a sergeant.

Accordingly, we affirm the district court's judgment.