Edd TROTTER, Plaintiff–Appellant,

v.

CITY OF CLARKSVILLE, Defendant–Appellee,

The Fire Department of the City of Clarksville, Defendant.

No. 03–5612.

United States Court of Appeals, Sixth Circuit.

March 19, 2004.

Jeffery S. Frensley, Ray & Frensley, Nashville, TN, for Plaintiff–Appellant.

David Haines, City Attorney, Clarksville, TN, for Defendant–Appellee.

Before COLE and GILMAN, Circuit Judges; and SCHWARZER, District Judge.*

## ORDER

Edd Trotter, a Tennessee resident represented by counsel, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1981, 1988, 2000e (Title VII), and the Tennessee Human Rights Act, Tenn.Code Ann. § 4–21–101 et seq. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Trotter sued the City of Clarksville, Tennessee and the Clarksville Fire Department, contending that he was terminated from his job as a fireman because he is black. The district court subsequently granted summary judgment to the city.

In his timely appeal, Trotter asserts that the district court erred in granting summary judgment to the city. He argues that the city's drug testing policies, which were used to dismiss him, were manipulated in a discriminatory fashion.

We initially note that Trotter argues only his Title VII claim on appeal. Therefore, Trotter's remaining arguments raised in the district court are deemed waived. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998). We review the district court's judgment de novo. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997).

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In applying the summary judgment standard, the court must review all materials supplied, including all pleadings, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the evidence is merely colorable or is not significantly probative, then summary judgment may be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *See* Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The nonmoving party must do more than show that there is a metaphysical doubt as to the material issue. *See Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. It must present significant probative evidence in sup-

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

port of its opposition to the motion for summary judgment in order to defeat the motion. *See Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505.

Trotter began working as a firefighter and later as a firefighting engineer for the City of Clarksville in 1976. On April 9, 2001, Trotter was advised that he had been selected at random for an alcohol and drug test pursuant to Personnel Procedure 97–1. Personnel Procedure 97–1 provides a policy for drug and alcohol testing of public safety personnel for the City of Clarksville. Trotter admits that he encountered second hand marijuana smoke for approximately one hour on the day before he underwent the drug test. After completing the test, Trotter was informed by the chief firefighter for the city that he had tested positive for marijuana and that his employment with the city had been terminated.

After Trotter requested and submitted to a second drug test, the test established that there were no illegal drugs in Trotter's system. Trotter then requested a hearing regarding his employment termination pursuant to the city's appeal process. On August 16, 2001, an appeal hearing was held and the tribunal recommended that Trotter's termination be overturned and that he be reinstated to his position. The Mayor of Clarksville reviewed the recommendation of the tribunal, but affirmed Trotter's termination. Trotter alleged in his complaint that he suffered disparate treatment pursuant to the city's alcohol and drug testing program because he is black.

Trotter asserted that similarly situated white employees of the fire department, who he alleged suffer from substance abuse problems, have been more favorably treated. Trotter further argues that drug use on the part of white employees is overlooked or they are afforded rehabilitation treatment while minority employees are terminated. Trotter presents the affidavit of Fire Chief Michael Roberts who stated that three white firefighters, Michael Griffey, Harold McCarver, and Troy Suiter, were suspected of suffering from substance abuse problems. Trotter contends that he was treated differently from these employees because they were not tested for substance abuse despite a policy which allowed for testing under a reasonable suspicion standard. However, Robert's affidavit states that both Troy Suiter and Harold McCarver were selected for random testing under Personnel Procedure 97–1 and that their drug tests were negative.

To establish a prima facie case of discrimination, a plaintiff must show that he is a member of a protected group, that he was subject to an adverse employment decision, that he was qualified for the position, and that he was replaced by a person outside the protected class. *Kline v. Tenn. Valley Auth.,* 128 F.3d 337, 349 (6th Cir.1997). In disparate treatment cases, the fourth element may be replaced with a requirement that the plaintiff show that he was treated differently from similarly situated individuals. *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 581–83 (6th Cir.1992).

Trotter did not establish a prima facie case of discrimination. The parties agree that Trotter has satisfied the first three prongs of a disparate treatment case. However, Trotter failed to satisfy the fourth element of the test by proving that he was treated differently from similarly situated individuals. Although Trotter offered evidence that three white firefighters were perceived as having substance abuse problems, these firefighters never tested positive for drugs. The two employees who were tested received the same drug testing procedure that Trotter received because the two tested firemen were selected at random. Neither fireman was tested under the reasonable suspicion standard.

These employees are not "similarly situated" to Trotter as they did not test positive for drugs. If any of these employees had tested positive for drugs in violation of Personnel Procedure 97–1 and had been allowed to continue employment with the fire department, then Trotter could establish the fourth element of a disparate treatment case. An affidavit submitted by Chris Crow, Human Resources Director for the City of Clarksville, establishes that every public safety employee who has tested positive for illegal drugs or alcohol in excess of the limits set forth in Personnel Procedure 97–1 has been terminated from their employment with the city. Termination is mandatory under Personnel Procedure 97–1. Thus, Trotter has failed to establish a discrimination claim.

Accordingly, we affirm the district court's order.