**Michael FOSTER, Plaintiff–Appellant,**

v.

**Carmen PALMER; Bruce Curtis; Willie O. Smith; Chuck Kinney; and Zbigniew Tyszkiewicz, Defendants–Appellees.**

No. 03–1534.

United States Court of Appeals, Sixth Circuit.

April 23, 2004.

Michael Foster, Ionia, MI, pro se.

Linda M. Olivieri, Office of the Attorney General, Corrections Division, Lansing, MI, for Defendant–Appellee.

Before MERRITT and MOORE, Circuit Judges; and DUGGAN,* District Judge.

## ORDER

Michael Foster appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this

---

* The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation.

panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Foster filed his complaint in the district court alleging that he was improperly placed in administrative segregation and issued two major misconduct charges after four corrections officers were attacked in 1993, that his security classification was improperly increased without a hearing, and that in 2000 he was placed in an unsanitary cell. Foster named nine Michigan prison officials as defendants, and sought declaratory and injunctive relief and compensatory and punitive damages. The magistrate judge ordered Foster to show cause why his complaint should not be dismissed without prejudice for lack of exhaustion of available administrative remedies, and Foster filed an amended complaint. The district court dismissed Foster's complaint for failure to state a claim upon which relief can be granted with respect to four of the named defendants, but directed that service of process issue with respect to defendants Curtis. Tyszkiewicz, Palmer, Smith, and Kinney, the five appellees now before us. Defendant Kinney was not served, but defendants Curtis, Tyszkiewicz. Palmer, and Smith moved the district court to dismiss the complaint or for summary judgment, and Foster responded in opposition. The district court granted defendants' motion and dismissed Foster's complaint without prejudice for failure to exhaust administrative remedies with respect to the moving defendants. Foster filed a timely Fed.R.Civ.P. 59 motion to reconsider, which the district court denied. Foster filed a timely notice of appeal.

On appeal, Foster reiterates his claim that he has been held in administrative segregation improperly, and contends that he relied on the United States Marshal to serve defendant Kinney and that he was not permitted adequate time for discovery. Defendants respond that the district court properly dismissed Foster's complaint for failure to adequately exhaust administrative remedies. Upon consideration, we affirm the district court's judgment because plaintiff has waived appellate review of the district court's conclusion that he did not adequately exhaust all available administrative remedies before filing suit.

Generally, this court reviews de novo a district court dismissal for failure to exhaust administrative remedies. *Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997). However, Foster has waived appellate review of the district court's conclusion that he did not adequately exhaust administrative remedies because he has not addressed the issue in his brief on appeal. *See Indeck Energy Servs., Inc. v. Consumers Energy Co.,* 250 F.3d 972, 979 (6th Cir.2000); *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998). Foster's waiver of the exhaustion issue is reinforced by his statement in his notice of appeal that he is appealing only a single issue: the district court's finding that he failed to serve defendant Kinney.

Since the district court based its decision on the plaintiff's failure to exhaust the prison grievance procedure as to some of the defendants, and since the plaintiff has waived the issue, the judgment of the district court is affirmed.