**Scott G. KIRKHAM, Plaintiff–Appellant,**

v.

**Reginald WILKINSON, et al., Defendants–Appellees.**

No. 03–4045.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

Scott G. Kirkham, Columbus, OH, pro se.

Robert C. Angell, Asst. Atty. General, Columbus, OH, for Defendants–Appellees.

Before: KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

### ORDER

Scott G. Kirkham, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Kirkham sued the Director (Reginald Wilkinson) of the Ohio Department of Rehabilitation and Correction (ODRC), The Medical Director (Martin Akusoba) at the Corrections Medical Center (CMC), a CMC contract physician (Stephen King), a CMC contract dietician (Christina Free), the CMC Deputy Warden of Administration (Kay Downing), the CMC Food Service Supervisor (Clarence McClain), and the Dietary Operations Manager (Theresa Bell) in the Bureau of Medical Services, Office of Correctional Health Care at the

ODRC. Kirkham claimed that the defendants were deliberately indifferent to his serious medical needs because they failed to provide him with a medical order for a "high fiber bland diet" as a treatment for his "diverticular disease."

Upon review, a magistrate judge filed a report, recommending that the district court dismiss Kirkham's claims against defendants Wilkinson and Downing, with prejudice, because he failed to state a claim based on these defendants' supervisory authority. The district court adopted the magistrate judge's recommendation. Thereafter, the parties filed cross-motions for summary judgment. Upon review, a magistrate judge filed a report concluding that the defendants had not been deliberately indifferent to Kirkham's serious medical needs. Hence, he recommended that the district court grant the defendants' motion for summary judgment and deny Kirkham's motion for summary judgment. Over Kirkham's objections, the district court adopted the magistrate judge's recommendation and dismissed the complaint.

Kirkham has filed a timely notice of appeal. He appears to argue that the district court improperly denied his motion for summary judgment because he has established that the defendants failed to respond to his medical needs.

First, this court will not review Kirkham's claims against Wilkinson and Downing because he does not specifically reassert his claims against these defendants on appeal. *Robinson v. Jones,* 142 F.3d 905, 906 (6th Cir.1998).

Second, we conclude that the district court properly granted summary judgment to the remaining defendants. This court reviews de novo a district court's grant of

---

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

summary judgment. *Davis v. Sodexho, Cumberland Coll. Cafeteria,* 157 F.3d 460, 462 (6th Cir.1998). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *EEOC v. Prevo's Family Mkt., Inc.,* 135 F.3d 1089, 1093 (6th Cir.1998).

The defendants met their burden by establishing that they provided Kirkham with at least some medical treatment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Metro Communications Co. v. Ameritech Mobile Communications, Inc.,* 984 F.2d 739, 742 (6th Cir.1993). In order to prevail on his claim, Kirkham must establish that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A plaintiff can show deliberate indifference by establishing that a defendant intentionally interfered with a prescribed course of treatment. *Id.* However, a difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action. *Id.* at 107. This court is reluctant to second-guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment. *Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976).

A review of the record reflects that Kirkham has had regular consultation and treatment for his diverticulosis condition. Kirkham's medical records reflect that he received a medical consultation, in early 2000, following his complaint of occasional blood in his stool. The consultant recommended a "[high] fiber diet" and "Metamucil." On February 24, 2000, Kirkham was given a barium enema, and the test resulted in a diagnostic impression of sigmoid diverticulosis. Thereafter, Kirkham's treating physician ordered stomach medications and laxatives for his condition. On March 11, 2002, a dietary consultation was ordered for Kirkham. The dietician noted that Kirkham was at a low nutritional risk at that time, and she recommended a high fiber diet, with an extra serving of fruit and vegetables at lunch and dinner. On March 13, 2002, Free's recommendation was adopted as a physician's order for Kirkham. Hence, the record clearly reflects that Kirkham was provided a high fiber diet, that was nutritionally adequate, as a form of treatment for his condition.

In the face of this evidence, Kirkham was required to present significant probative evidence in support of his complaint in order to defeat the defendant's well-supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Am. Acad. of Ophthalmology, Inc. v. Sullivan,* 998 F.2d 377, 382 (6th Cir. 1993). The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence upon which the jury could reasonably find for the plaintiff. *Anderson,* 477 U.S. at 252. Kirkham simply has not met this burden. Kirkham's desire for a "bland seed free diet" constitutes nothing more than a disagreement with the treatment provided to him. Kirkham did not offer any allegations to rebut the defendants' contention that they took steps to provide him with medical attention and a nutritional diet recommended by a dietician. Hence, the

district court properly granted summary judgment to the defendants.

For these same reasons, we conclude that the district court did not abuse its discretion when it denied Kirkham's cross-motion for summary judgment. *See Hanover Ins. Co. v. Am. Eng'g Co.*, 33 F.3d 727, 730 (6th Cir.1994).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.