**Frederick L. JEFFERSON,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America; Clayborn Peoples; Chuck Arnold; Joe Sheppard, Defendants–Appellees.**

No. 03–6360.

United States Court of Appeals,
Sixth Circuit.

Sept. 8, 2004.

Frederick L. Jefferson, U.S. Penitentiary, Leavenworth, KS, pro se.

Before: KENNEDY and COOK, Circuit Judges; and HOOD, District Judge.*

## ORDER

Frederick L. Jefferson appeals a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983 and under the authority enunciated in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Jefferson filed his complaint in the district court alleging that his constitutional rights were violated while he was incarcerated as a pretrial detainee at the Gibson County Jail when officials: subjected him to threats and racially charged verbal assaults; threatened to harm his attorney; claimed responsibility for his attorney's car accident; beat him; and refused to provide medical attention for the injuries they inflicted. Jefferson alleged that the officials' conduct was designed to induce him to plead guilty to state charges or influence the outcome of his state trial. Jefferson further contended that federal officials violated his constitutional rights in connection with his subsequent federal prosecution. Jefferson named as defendants the United States, state and federal prosecutors, the City of Trenton, Tennessee, the Gibson County Sheriff's Department, the Gibson County Sheriff and a Deputy Sheriff, and public defenders who defended him during both trials. Jefferson sought declaratory and injunctive relief and unspecified money damages. The district court dismissed the complaint for

failure to state a claim upon which relief can be granted. Jefferson filed a timely notice of appeal.

On appeal, Jefferson does not address the propriety of the district court's judgment dismissing his civil rights complaint. Instead, his briefing attacks the constitutional validity of his convictions. The arguments Jefferson advances appear to correlate to an un-docketed Notice of Appeal (attached to his brief in this matter) targeting a district court decision denying a § 2255 motion, rather than the dismissal of his § 1983 action.

Generally, issues raised in the district court but not raised on appeal are deemed abandoned and not reviewed on appeal. *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir.1998); *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996). Issues adverted to merely in a perfunctory manner without significant argument are deemed waived. *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir.2000); *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997).

Because Jefferson abandoned his civil rights claims by failing to pursue them on appeal, we affirm the judgment of the district court.

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.