NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0130n.06

No. 12-5667

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ROSA L. LANSFORD, | ) | **FILED** |
|  | ) | *Feb 04, 2013* |
| Plaintiff-Appellant, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED |
|  | ) | STATES DISTRICT COURT FOR |
| WAL-MART STORES EAST, L.P., | ) | THE MIDDLE DISTRICT OF |
|  | ) | TENNESSEE |
| Defendant-Appellee. | ) |  |
|  | ) |  |

Before: MARTIN and SUTTON, Circuit Judges; HOOD, District Judge.[*]


PER CURIAM. Rosa L. Lansford, a pro se Tennessee resident, appeals a district court order dismissing her cause of action with prejudice.

Lansford sued Wal-Mart Stores East, L.P., alleging violations of 42 U.S.C. § 2000e *et seq*. (Title VII). Her complaint was dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) following the parties' stipulation of dismissal with prejudice. Lansford did not raise any issue in the district court concerning the propriety of the court's dismissal order.

Seeking reinstatement of her case, Lansford appeals, claiming that her former attorney signed the stipulation of dismissal with prejudice without her knowledge or permission.

While Lansford purports to appeal from the district court's order of dismissal, she is not challenging the propriety of that order. In fact, she concedes that the district court did not err in dismissing her case. Consequently, even if Lansford had properly raised the issue in the district

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

court, any issue concerning the parties' intent or the propriety of the district court's order is not reviewable on appeal. *See Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998).

Instead of challenging the propriety of the district court's dismissal, Lansford seeks to have this Court consider her allegation that her former attorney dismissed her case without her permission. To the extent that Lansford seeks reinstatement of her case, her request is not well founded because the parties' properly executed stipulation of dismissal with prejudice was self-executing. Fed. R. Civ. P. 41(a)(1)(A)(ii); *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997). To the extent that Lansford seeks to pursue an action against her former attorney for misconduct or malfeasance, we lack jurisdiction. *See Johnson ex rel. U.S. v. Thomas*, 932 F.2d 747, 747 (8th Cir. 1991) (per curiam).

The district court's order is affirmed.