NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0283n.06
Filed: April 19, 2007

No. 06-5148

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

S&M BRANDS, INC., and INTERNATIONAL )
TOBACCO PARTNERS, LTD.,                )
                                       )
                                       )    ON APPEAL FROM THE
Plaintiffs-Appellants,                 )    UNITED STATES DISTRICT
                                       )    COURT FOR THE MIDDLE
v.                                     )    DISTRICT OF TENNESSEE
                                       )
PAUL G. SUMMERS, in his official capacity as  )    O P I N I O N
Attorney General of the State of Tennessee,   )
                                       )
Defendant-Appellee.                    )

BEFORE:    KENNEDY, MOORE, and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** S&M Brands, Inc. and International Tobacco Partners, Ltd.

("ITP") sued Paul G. Summers in his official capacity as the Attorney General of the State of

Tennessee.[1] They claim that the State of Tennessee has violated federal antitrust law and the U.S.

Constitution in its implementation and application of the Master Settlement Agreement ("MSA")

between various states and major tobacco manufacturers. The district court dismissed all but one

---

[1]On November 1, 2006, Robert E. Cooper, Jr., was sworn in as the Attorney General for the
State of Tennessee.

of their claims under Federal Rule of Civil Procedure 12(b)(6).[2]  As explained below, we affirm the district court's dismissal in favor of the Attorney General.

## I

The Appellants' claims arose in connection with the MSA executed in November 1998 by and among forty-six states (including Tennessee) and six territories as well as the four largest domestic cigarette manufacturers (Philip Morris USA, Inc., R.J. Reynolds Tobacco Company, Brown & Williamson Tobacco Company, and Lorillard Tobacco Company).  S&M Brands is a tobacco product manufacturer and ITP is an importer of tobacco products.  Neither company has joined the MSA.

In their complaint, the Appellants challenge the validity of certain statutes enacted by Tennessee pursuant to the terms of the MSA, including the Tennessee Tobacco Manufacturers' Escrow Fund Act of 1999, Tenn. Code Ann. § 47-31-101 *et seq*. ("Escrow Act") (as amended), and the tax laws passed to aid in the enforcement of the Escrow Act, Tenn. Code Ann. § 67-4-2601 *et seq*. (collectively, the "Tobacco Statutes").  Specifically, the Appellants claim that the enactment and enforcement of the Tobacco Statutes have had the effect of implementing an illegal combination or "output cartel" created by the settling states and the participating manufacturers in the MSA, and that

---

[2]On the Appellants' remaining claim—Tennessee's enforcement of a recent amendment to its tobacco legislation had an impermissible retroactive effect—the district court granted partial summary judgment to both parties. *S&M Brands, Inc. v. Summers*, 420 F. Supp. 2d 840 (M.D. Tenn. 2006); *S&M Brands, Inc. v. Summers*, No. 05-171, 2005 WL 3160869 (M.D. Tenn. Nov. 28, 2005). They have sought review of the ruling in a separate set of appeals. *S&M Brands v. Summers*, Nos. 06-5828/5829. Accordingly, the Appellants' retroactivity claim is not before us today in this appeal.

this implementation constitutes a *per se* restraint of trade in violation of Section 1 of the Sherman

Act, 15 U.S.C. § 1. They further contend that the enforcement of the Tobacco Statutes violates their

rights under the Equal Protection Clause of the Fourteenth Amendment as well as their First

Amendment rights of freedom of speech and freedom to petition. Finally, in their response to the

Attorney General's motion to dismiss, the Appellants assert that the Tobacco Statutes violate their

rights to substantive and procedural due process under the Fourteenth Amendment.[3]

On the Attorney General's motion, the district court dismissed the claims. The district court

held that Tennessee's Tobacco Statutes were not preempted by the Sherman Act. *S&M Brands, Inc.*

*v. Summers*, 393 F. Supp. 2d 604, 629-30 (M.D. Tenn. 2005). On the constitutional claims, the

district court concluded that the Appellants failed to state any valid claim for relief. *Id.* at 630-38.

The Appellants timely appealed.

## II

### A.    Standard of Review

We review *de novo* a dismissal for failure to state a claim under Rule 12(b)(6). *Se. Tex. Inns,*

*Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671 (6th Cir. 2006). To survive a motion to dismiss,

the Appellants' complaint must allege facts which, if proved, would entitle them to relief. *Id.*  We

construe the complaint in the light most favorable to the Appellants, accept their factual allegations

---

[3]These claims are separate from the retroactivity claim. *See supra* note 2.

as true, and determine whether they can prove no set of facts in support of their claims that would

entitle them to relief. *Id.*

**B.       Antitrust Claims**

Section 1 of the Sherman Act provides in part: "Every contract, combination in the form of

trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with

foreign nations, is declared to be illegal." 15 U.S.C. § 1.  State statutes that authorize or compel

private parties to act anticompetitively can violate Section 1 of the Sherman Act; however, not all

state statutes that restrain competition violate the Act.  To bring a valid claim, a plaintiff must show,

among other things, that the Sherman Act preempts the state statute in question. *Rice v. Norman*

*Williams Co.*, 458 U.S. 654, 659 (1982); *McNeilus Truck & Mfg. Co. v. Ohio*, 226 F.3d 429, 440 (6th

Cir. 2000).

After the parties filed their briefs, another panel of this court issued a published decision in

a case similar to the present one.  In *Trident International Corp. v. Kentucky*, 467 F.3d 547 (6th Cir.

2006), the court considered whether the State of Kentucky violated the federal antitrust laws in

connection with its implementation and application of the MSA.  The court held that Kentucky's

tobacco legislation was not preempted by the Sherman Act because the legislation did not

"mandate[] or authorize[] conduct that necessarily constitutes a violation of the antitrust laws in all

cases, or . . . place[] irresistible pressure on a private party to violate the antitrust laws in order to

comply with the statute." *Id.* at 554 (quoting *Rice*, 458 U.S. at 661).  The manufacturers' failure to

establish that the Sherman Act preempted Kentucky's tobacco legislation was fatal to their antitrust claims. *Id.* at 558-59.

Because Tennessee's Tobacco Statutes are identical in all material respects to the Kentucky legislation at issue in *Tritent*, we asked the parties to submit supplemental briefs on the impact of that decision on the present appeal. The Appellants concede in their supplemental brief that "the antitrust issues raised on that appeal [*Tritent*] . . . are the same as those involved here." Plaintiffs-Appellants Supp. Br. at 1. Our own review confirms that *Tritent* is directly on-point to the antitrust claims in this appeal.

"A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting *en banc* overrules the prior decision." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) (citing *Timmreck v. United States*, 577 F.2d 372, 376 n.15 (6th Cir. 1978), *rev'd on other grounds*, 441 U.S. 780, *on remand*, 600 F.2d 1228 (6th Cir. 1979)); *see also* 6th Cir. R. 206(c) ("Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel."). Under the reasoning of *Tritent*, we hold that the Sherman Act does not preempt Tennessee's Tobacco Statutes; therefore, we affirm the dismissal of the Appellants' antitrust claims.

## C.     Constitutional Claims Raised Before the District Court

The Appellants have not raised any issues in this appeal involving their Equal Protection, Due Process, or First Amendment claims. "Issues which were raised in the district court, yet not

raised on appeal, are considered abandoned and not reviewable on appeal." *Renkel v. United States*, 456 F.3d 640, 642 n.1 (6th Cir. 2006) (quoting *Robinson v. Jones*, 142 F.3d 905, 906 (6th Cir. 1998)). Accordingly, we will not address those claims on appeal.


**D.      Dormant Commerce Clause**

Finally, in their supplemental brief, the Appellants argue that a claim under the dormant Commerce Clause survives *Tritent*. They are correct that *Tritent* did not involve a claim brought under the dormant Commerce Clause. U.S. Const. art. I, § 8, cl. 3. Yet, the Appellants did not assert a dormant Commerce Clause claim in their complaint. Nor does it appear that they otherwise brought such a claim to the attention of the district court. *See, e.g.*, Plaintiffs-Appellants Final Br. at 56 n.21 ("In the event of a reversal [of the district court], plaintiffs will amend their complaint to plead this dormant Commerce Clause violation.").

"It is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) (quoting *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 143 (6th Cir. 1997)); *see also Renkel*, 456 F.3d at 642 n.1 (same). As the Appellants have not shown that failure to consider their dormant Commerce Clause argument will result in a plain miscarriage of justice, we will not consider it for the first time on appeal.


**III**

Accordingly, we AFFIRM.