Ron NOLLNER and Beverly Nollner, Plaintiffs–Appellants,

v.

SOUTHERN BAPTIST CONVENTION, INC.; The International Mission Board of the Southern Baptist Convention, Inc.; and Global Enterprise Services, LLC, Defendants–Appellees.

No. 14–6269.

United States Court of Appeals, Sixth Circuit.

Oct. 16, 2015.

BEFORE: MERRITT, McKEAGUE, and WHITE, Circuit Judges.

## MEMORANDUM OPINION

McKEAGUE, Circuit Judge.

Ron and Beverly Nollner appeal the district court's order granting defendants' motion to dismiss, and denying the Nollners' motion for leave to amend. Even though the Nollners agreed to a choice-of-law provision stating that Virginia law would govern their employment relationship with defendants, their counsel repeatedly pleaded claims under Tennessee law. After disregarding an explicit suggestion from the district court to restyle their claims under Virginia law, the Nollners failed to timely respond to defendants' Rule 12(b)(6) motion to dismiss and provided no explanation for this failure. The district court considered defendants' motion unopposed, dismissed the Nollners' complaint with prejudice, and granted defendants sanctions under 28 U.S.C § 1927. We affirm.

## I

In 2006, the Nollners began investigating becoming missionaries through their church, an affiliate of the Southern Baptist Church. In 2008, the Nollners accepted positions with the International Mission Board of the Southern Baptist Convention, Inc. Ron Nollner was to manage construction of a new office building in New Delhi, India. The Nollners sold their home and most of their possessions, and Beverly Nollner resigned from a job she had held for seventeen years.

The Nollners worked in New Delhi from mid-January 2009 until around November 2010. In October 2010, defendants terminated the Nollners' employment, purportedly because they were no longer needed. The Nollners' complaint alleged their employment was terminated after they informed their superiors of illegal practices in the construction and permitting of the office building in New Delhi. They attached to their complaint an email from Ron Nollner to IMB's Tom Allinder, in which Ron Nollner communicated his concerns about bribes, false documents to procure permits, and unsafe building practices.

In this action,[1] the Nollners assert Tennessee state-law claims for breach of contract, promissory estoppel, and retaliatory discharge against the International Mission Board of the Southern Baptist Con-

---

1. The Nollners presented an earlier action based on the same employment relationship before the district court on December 9, 2011. This complaint included a retaliatory discharge claim under the Dodd–Frank Wall Street Reform and Consumer Protection Act and was removed from Tennessee state court to federal district court by defendant IMB on the basis of original federal-question jurisdiction over the Dodd–Frank claim and supplemental jurisdiction over various state-law claims. On April 3, 2012, the district court dismissed the Nollners' claim under Dodd–Frank and remanded to Tennessee state court. The Nollners then voluntarily dismissed their lawsuit in Tennessee state court. The Nollners brought the current action on October 18, 2013, in Tennessee state court. Defendants removed the action to federal court on April 25, 2014, on the basis of diversity jurisdiction. Four days later, defendants filed their motion to dismiss. *See* R. 5.

vention, Inc. and Global Enterprise Services, LLC (together, "IMB").

On July 30, 2014, the district court granted IMB's motion to dismiss the Nollners' complaint, without prejudice, and *sua sponte* granted the Nollners leave to amend within 15 days. R. 28, Page ID 525; *Nollner v. S. Baptist Convention, Inc.*, No. 3:14–CV–1065, 2014 WL 3749522, at *9 (M.D.Tenn. July 30, 2014) (referred to throughout as *"Nollner I"*). As the district court later explained, it "expressly informed the plaintiffs that their pleadings were defective and, short of drawing a roadmap, gave plaintiffs very explicit suggestions as to how to remedy the pleadings' deficiencies." R. 39, Final Order at 2, Page ID 768. Specifically, after determining that the Virginia choice-of-law provision was enforceable and required the application of Virginia law, the district court stated that "plaintiffs' common law claims would only be viable if postured as claims under Virginia law." *Id.*

The Nollners filed an amended complaint on August 14, 2014, but failed to heed the district court's "express admonition to replead the common-law claims under Virginia law (at a minimum, in the alternative)" in order to remedy the earlier defect. R. 39, Page ID 771 n. 2. The Nollners instead reiterated the same claims from their first amended complaint: 1) common law retaliatory discharge under Tennessee law; 2) discharge from employment in violation of the Tennessee Public Protection Act (TPPA) (Tenn.Code Ann. § 50–1–304); 3) breach of contract under Tennessee common law; and 4) promissory estoppel under Tennessee law, and added a statutory claim in the alternative under Virginia's Uniform Computer Information Transactions Act, VA Code § 59.1–507.1. The amended complaint alleged that "the choice of laws provision of the contract the Parties' signed should be disregarded as Defendants did not execute the contract in good faith as they were aware ... that illegal, immoral, and other breaching events were occurring/going to occur at the time they signed the contract." R. 30 at 12, Page ID 539.

IMB moved to dismiss the amended complaint on August 29, 2014, arguing: 1) the Nollners failed to plead their common-law claims under Virginia law; 2) the alternative claim under the Virginia Uniform Computer Information Transactions Act was neither viable nor applicable to an employment contract; and 3) the Nollners should not be permitted to join Southern Baptist Convention, Inc., as a defendant. IMB also moved for sanctions under 28 U.S.C. § 1927, asserting that the Nollners' counsel vexatiously and unreasonably multiplied the cost of proceedings.

The Nollners failed to respond to IMB's motion to dismiss by September 15, 2014, the fourteen-day deadline established by Local Rule 7.01(b). The following day, IMB filed a "Motion to Ascertain Status of the Motion to Dismiss," asking the district court to consider its motion to dismiss unopposed and to dismiss the Nollners' claims with prejudice. Though IMB's motion to dismiss evidently escaped the attention of the Nollners' counsel, the motion to ascertain status did not. The Nollners' counsel immediately filed a motion for leave to respond to IMB's motion to dismiss along with a memorandum in opposition to the motion to dismiss. The Nollners' motion for leave to respond to IMB's motion to dismiss gave no explanation for their delay in responding to the motion to dismiss. Instead, the motion asserted that because IMB's motion to dismiss presented information outside the pleadings it should be converted into a Rule 56 motion for summary judgment and the Nollners should have 21 days to file a response. The only mention of a viable claim under

Virginia law is in the Nollners' untimely motion to dismiss: "Plaintiff's counsel has conceded an inadvertent mistake in citation due to lack of familiarity with Virginia law. With that said, Plaintiff has outlined the elements of breach of contract in Virginia herein above and would assert that all elements have been met in their Amended Complaint." R. 37, Page ID 761.

The district court rejected the Nollners' argument that IMB's motion was, in essence, a motion for summary judgment, noting that IMB's motion relied only on documents either referenced in or attached to the complaint (i.e., the Acknowledgment of Willingness to Accept Assignment the Nollners signed and the accompanying offer letter, referenced in their Amended Complaint at paragraphs 13, 19–21, 23, 26, 68, 75, and the Nollners' 2008 w–4, referenced at paragraph 49), "the same documents that the court already ruled were properly considered at the Rule 12 stage *in this action*." 2014 WL 3749522, at 9 n. 2; R. 39, Page ID 770.

At this stage, except in the untimely response to the defendants' motion to dismiss, which the district court did not consider, the Nollners' counsel had disregarded the district court's *sua sponte* "lifeline" advice to add common law claims under Virginia law, failed to timely respond to IMB's motion to dismiss and, instead of explaining these failures, asserted that the district court should convert IMB's motion to dismiss into a motion for summary judgment. Accordingly, the district court denied the Nollners' motion for leave to respond, granted IMB's motion to dismiss as unopposed, imposed sanctions under 28 U.S.C. § 1927, and dismissed the Nollners' claims with prejudice.

## II

The Nollners appeal the district court's September 19, 2014 final order dismissing their amended complaint. However, their appellate arguments focus primarily on whether the district court properly dismissed their amended complaint in its July 30, 2014 order based on its conclusion that Virginia law applied to the Nollners' employment relationship with IMB. Because the September 19, 2014 final order is the first opportunity the Nollners had to appeal their claim, we will consider their appellate arguments as directed to the district court's July 30, 2014 order in their appeal of the September 19, 2014 final order. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (stating that "parties are entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated").

The Nollners essentially contend the district court erred in: 1) denying their motion for leave to amend to include SBC as a defendant; 2) granting IMB's Rule 12(b)(6) motion to dismiss for failure to state a claim; and 3) granting IMB's motion for sanctions.

### A. Motion for Leave to Amend

#### 1. Tennessee or Virginia Law

The Nollners appeal the district court's denial of their motion for leave to amend in the July 30, 2014 order. On June 27, 2014, the Nollners moved to amend their complaint in order to add the Southern Baptist Convention, Inc. ("SBC"), as a defendant. The district court denied leave on the ground that amendment would be "futile." *Nollner I*, 2014 WL 3749522 at *6. "When a district court denies a motion to amend because it concludes that the amendment would be futile, the basis for its denial of the motion is its purely legal conclusion that the proposed amendment could not withstand a Rule 12(b)(6) motion

to dismiss." *Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir.2014) (internal quotations omitted). Thus, we review the district court's denial of leave to amend for futility de novo. *Seaton v. TripAdvisor LLC*, 728 F.3d 592, 596 (6th Cir. 2013).

The district court determined that the choice-of-law provision stating that Virginia law governs the employment relationship between the Nollners and IMB was valid and enforceable. *Nollner I*, 2014 WL 3749522 at *5. Accordingly, it concluded that the Nollners' "common law claims filed under Tennessee law related to their employment are deficient as a matter of law." *Id.* Because the Nollners' proposed amended complaint set forth no claims under Virginia law, the district court denied leave to amend for futility because the choice-of-law defect had not been corrected.

■ The threshold question is whether Tennessee or Virginia law governs the Nollners' employment relationship. We agree with the district court that Virginia law clearly applies and, because the Nollners pleaded claims only under Tennessee law in the proposed amended complaint, we affirm the denial of their motion for leave to amend for futility.

The Nollners signed an employment contract stating: "Once approved for service, your relationship to the IMB will be that of an 'at will' employee of a Virginia religious, non-profit corporation, *with all aspects of that relationship originating in Virginia and controlled by Virginia law* ..." *Nollner I*, 2014 WL 3749522 at *5 (emphasis added). The Nollners' amended complaint asserted that the choice-of-law provision should be disregarded because

IMB did not execute the contract in good faith. The Nollners argue that Tennessee law should govern the dispute based on Tennessee's adherence to the doctrine of *lex loci contractus*, a presumption that a contract is "to be governed by the law of the jurisdiction in which it was executed absent a contrary intent." *Vantage Tech., LLC v. Cross*, 17 S.W.3d 637, 650 (Tenn.Ct. App.1999). The district court unequivocally rejected the application of this doctrine to the Nollners' employment relationship with IMB, finding the choice-of-law provision clearly represented a "contrary intent" between the parties. *See Nollner I*, 2014 WL 3749522 at *5. On appeal, the Nollners again argue that *lex loci contractus* governs and requires the application of Tennessee law to the parties' dispute. We disagree and uphold the analysis in the district court's July 30, 2014 order as proper treatment of the enforceability of the choice-of-law provision. The district court properly denied the Nollners' motion to amend as futile.

### 2. Joining SBC as Defendant

■ SBC was first dismissed from the lawsuit in Tennessee state court. *Nollner I*, 2014 WL 3749522 at *1; R. 1–2, Ex. B, Page ID 32. The state court found that the Nollners' complaint failed "to contain sufficient factual allegations to establish the existence of any employment or contractual relationship between SBC and Plaintiffs ... [T]he Court finds that SBC was not Plaintiffs' employer and that Plaintiffs' Complaint fails to state a claim upon which relief may be granted against SBC." *Id.* After SBC's dismissal, IMB removed the action to federal court on the basis of diversity jurisdiction.[2]

---

**2.** Both SBC and the Nollners are citizens of Tennessee for purposes of diversity jurisdiction. SBC's dismissal from the case permitted IMB to remove to federal district court.

*See* 28 U.S.C § 1441(b); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005).

Because the district court determined that the motion for leave to amend was futile for failing to plead any claim under Virginia law, it dismissed the motion without explicitly reaching the issue of whether SBC may be joined. *Nollner I*, 2014 WL 3749522 at *6 n. 4, PID 518. Even so, the district court briefly examined the alleged employment relationship between the Nollners and SBC, agreed with the state court's conclusion that the Nollners had no employment relationship with SBC and, accordingly, determined that the Nollners were unable to state a claim against SBC. *Id.* Incorporating analysis from the state court's order, the district court found only "conclusory allegations of 'joint employment' [between the Nollners and SBC] that were rejected by the state court." *Id.*

On appeal, the Nollners offer no argument to substantiate an employment relationship with SBC beyond conclusory allegations that SBC is a "necessary party" and is a "controlling entity over IMB and GES." Appellant Br. at 18. Our pleading standards require more than threadbare recitals "supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Having duly considered the district court's opinion in light of the Nollners' appellate arguments, we find no

ground for holding SBC should have been joined as a defendant, and affirm the district court's decision to deny the Nollners' motion for leave to amend.

## B. Motion to Dismiss for Failure to State a Claim

The Nollners also appeal the July 30, 2014 dismissal of their complaint for failure to state a claim.[3] We review de novo a district court's Rule 12(b)(6) dismissal of a complaint. "[C]onstru[ing] the complaint in the light most favorable to the plaintiff" and "accept[ing] all well-pleaded factual allegations as true," *La. Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477 (6th Cir.2010), we must determine whether the complaint alleges "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S.Ct. 1955.

Parallel to our analysis above, the dispositive issue in determining whether the Nollners' complaint was properly dismissed is whether Virginia law governed the employment relationship between the Nollners and IMB. Given our conclusion

---

**3.** The Nollners fail to raise any argument on appeal that the district court's apparent dismissal of their second amended complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b) is not appropriate. "[A]n appellant abandons all issues not raised and argued in its initial brief on appeal." *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir.2006) (citing *United States v. Still*, 102 F.3d 118, 122 n. 7 (5th Cir.1996) (citation and quotation marks omitted)). Moreover, "it is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice." *S & M Brands, Inc. v. Summers*, 228 Fed. Appx. 560, 563 (6th Cir.2007) (citing *Over-*

*street v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 578 (6th Cir.2002)). As the Nollners did not raise this issue before either the district court or this court, and do not argue that failure to consider this issue will result in a plain miscarriage of justice, we will not consider it. Further, even if we were to consider the merits of this argument, the Nollners provide no explanation for their tardiness in responding to IMB's Rule 12(b)(6) motion. The Nollners also raise no argument on appeal challenging the district court's denial of their motion for leave to file a response to IMB's motion to dismiss. Again, we decline to entertain issues not raised on appeal. *See Johnson*, 440 F.3d at 845–46.

that Virginia law applies, any reiteration of claims under Tennessee law simply does not "state a claim that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. Neither the Nollners' initial or proposed amended complaint stated a viable claim under Virginia law.[4] Instead, the Nollners' complaints alleged claims arising under Tennessee law. Our analysis of the futility of the Nollners' motion for leave to amend also applies here: Virginia law governs the employment relationship between the Nollners and IMB and, therefore, any claims pleaded under Tennessee law cannot possibly "raise a right to relief above the speculative level" to survive IMB's Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

The Nollners' counsel was aware of the choice-of-law provision throughout two lawsuits. *Nollner I*, 2014 WL 3749522 at *9. Just short of drawing a roadmap, the district court gave the Nollners a final bite at the apple to replead their claims under Virginia law. They did not and their complaints do not state a claim that is plausible on its face. *Id.* at 570, 127 S.Ct. 1955. We affirm the district court's decision to grant IMB's motion to dismiss.

## C. Motion for Sanctions

■ The district court granted IMB's request for sanctions under 28 U.S.C. § 1927 for the Nollners' counsel's "patently unsubstantiated request" to convert IMB's Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. R. 36, Page ID 751–52; R. 39, Page ID 773; *see* R. 42, Page ID 782 (order granting attor-

ney's fees of $416.00). The Nollners challenge the district court's application of *Red Carpet Studios Division of Source Advantage, Ltd. v. Sater*, 465 F.3d 642 (6th Cir. 2006), and its determination that the Nollners' counsel "intentionally and needlessly caused additional expense to defendants." R. 39, Page ID 773. We review a decision to impose § 1927 sanctions for abuse of discretion. *Jones v. Ill. Cent. R. Co.*, 617 F.3d 843, 850 (6th Cir.2010).

The district court reasoned:

The court does not agree with the defendants that the filing of the Amended Complaint constitutes the "very definition of vexatious litigation." The Amended Complaint is manifestly deficient and, as discussed herein, reflects (at least) a lack of attentiveness by plaintiffs' counsel. Notwithstanding its substantive defects, the Amended Complaint was filed with the court's permission; accordingly, the court cannot conclude that counsel needlessly multiplied proceedings by filing it. Therefore, the court will not award sanctions to the defendants for fees related to the defendants' Motion to Dismiss the Amended Complaint.

However, the court concludes that the plaintiffs' next filing—its untimely and unfounded Motion for Leave to File a Response to the Motion to Dismiss (Docket No. 36)—was both frivolous and dilatory. After plaintiffs' counsel missed a deadline (an error that plaintiffs' counsel does not defend), they filed a patently unsubstantiated request to convert the Rule 12 motion into a Rule 56 mo-

---

4. Although the district court did not reach the merits of defendants' arguments for dismissal, it observed regarding the Virginia statutory claim, that the "obscure" statute is inapplicable to this dispute and that the statute expressly excluded employment relationships from its scope. *See* VA Code Ann. § 59.1–501.3(a) ("This chapter applies to computer information transactions") and (d)(5) ("This chapter does not apply to" … "a contract of employment of an individual, other than an individual hired as an independent contractor, unless such independent contractor is a freelancer in the news reporting industry …"); *see also* § 501.1; R. 39, Page ID 771 n. 2.

tion. The filing of that motion intentionally and needlessly caused additional expense to the defendants. Accordingly, the court concludes that Section 1927 sanctions in the form of reasonable attorney's fees are appropriate with respect to the defendant's Response to the plaintiffs' Motion for Leave.

As a final note, the court recognizes that, in the interest of having the plaintiffs' claims in this lengthy litigation decided on the merits, it gave great leniency to the plaintiffs as to their pleadings. Unfortunately for the plaintiffs, that leniency did not bear fruit for their claims.

R. 39 at 7–8, Page ID 773–74.

After carefully reviewing the district court's analysis, we find it represents a faithful and proper application of the test outlined in *Red Carpet*. The Nollners' appellate argument is clearly addressed in the district court's September 19, 2014 final order. Further analysis based on the same reasoning would be duplicative and is unnecessary.

### III

For the foregoing reasons, we AFFIRM both the district court's dismissal of the amended complaint with prejudice and imposition of sanctions.